UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAMSES ZAMARRON-ESTRADA, Petitioner, v. DEBORA BORGAS, Respondents. | Case No. 3:26-cv-00602-ART-CLB ORDER |

Petitioner Ramses Zamarron-Estrada, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Motion for Appointment of Counsel (ECF No. 3). For the reasons discussed below, the Court grants Zamarron-Estrada's Motion for Appointment of Counsel.

## I. Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Zamarron-Estrada challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Zamarron-*

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

*Estrada*, Case No. C-23-377884-1.[2] The state court entered a judgment of conviction for attempt lewdness with a child under the age of fourteen and sentenced Zamarron-Estrada to 36 months to 96 months. He did not file a direct appeal.

On May 5, 2025, Zamarron-Estrada filed a state petition for writ of habeas corpus. The state district court denied his state habeas petition as untimely and the Nevada Court of Appeals affirmed the denial of relief in August 2026, and a remittitur issued the following month. In August 2026, Zamarron-Estrada initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.)

The Court finds that appointment of counsel in this case is in the interests of justice, given, among other things, that Zamarron-Estrada's petition may raise relatively complex issues, including exhaustion and whether his petition is time-barred, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Zamarron-Estrada's motion for appointment of counsel is granted and the Court will provisionally appoint the Federal Public Defender to represent him.

**IT THEREFORE IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (ECF No. 3) is granted.
2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter,

---

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

3. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

5. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 9th day October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE